**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RIGOBERTO MAXIMO-ZAVALA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:26-cv-1119 |
| | ) | |
| TODD BLANCHE, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM ORDER

Petitioner Maximo-Zavala is an alien who is alleged to have entered the United States illegally. He was taken into custody and detained at the Moshannon Valley Processing Center within this judicial district until transferred on or before June 15, 2026, to Florence SPC in Arizona as reflected in ICE's publicly available online detainee locator system. An Immigration Judge ordered removal, Petitioner appealed that decision to the Board of Immigration Appeals (BIA), and his appeal remains pending.  Petitioner filed this, his second, Petition for Writ of Habeas Corpus (Docket No. 1), arguing, *inter alia*, that he is entitled to be released or to have a second individualized bond hearing, asserting that his initial bond hearing was legally defective. Presently before the Court is Petitioner's Emergency Motion for Temporary Restraining Order.  (Docket No. 3).  This Motion seeks an order: (1) directing Respondents to confirm Petitioner's current location and custody status; (2) enjoining his removal or transfer outside the Western District of Pennsylvania pending resolution of his pending BIA appeal; and (3) directing Respondents to produce certain documents such as Form I-862 Notice to Appear and Form I-213 Record of Deportable/Inadmissible Alien.

- 1 -

IT IS HEREBY ORDERED that Petitioner's Emergency Motion for Temporary Restraining Order is GRANTED IN PART AND DENIED IN PART.

The Court GRANTS this Motion insofar as it HEREBY ORDERS Respondents to confirm where Petitioner was detained on June 13, 2026 (*i.e.*, the date the Petition was filed), and where Petitioner is detained currently, so that this Court may discern whether this Petition is appropriately before it. *See* 28 U.S.C. § 2241. Respondents shall do so forthwith upon receiving service of the Petition, Motion, and this Order.

To preserve the *status quo*, to preserve this Court's potential jurisdiction in this matter, and to prevent irreparable harm to Petitioner just so long as is necessary to develop a fuller record and to hold a hearing on the Motion and Petition, if needed, the Motion is GRANTED insofar as IT IS FURTHER ORDERED that Respondents are temporarily ENJOINED, pending further order of this Court, from removing Petitioner from the United States. *See, e.g., A.S.R. v. Trump*, No. 3:25-CV-00113-SLH, at *1 (W.D. Pa. Apr. 15, 2025) (citing *Hope v. Warden York County Prison*, 956 F.3d 156, 160 (3d Cir. 2020) (*Hope I*).

Additionally, Petitioner's request for production of specified documents seeks affirmative relief, rather than the maintenance of the *status quo*. An *ex parte* TRO is not an appropriate avenue for this type of relief. *See Hope I*, 956 F.3d at 162. Therefore, the Motion is DENIED insofar as it seeks such relief. Rather, the Court will give prompt consideration to the merits of the Petition upon the expedited case management schedule that will issue forthwith.

Finally, the Court lacks the authority to enjoin Petitioner's transfer and therefore DENIES the Motion in all other respects because the place of an alien's detention is left to the discretion of

- 3 -

the Attorney General and courts lack jurisdiction to enjoin a detainee's transfer. *See Calla-Collado v. Attorney General of the United States*, 663 F.3d 680, 685 (3d Cir. 2011).

An expedited case management order will be issued forthwith. The temporary injunctive relief granted herein shall remain in place until June 29, 2026, unless vacated or modified by further order of court.

DATED this 15th day of June, 2026, at __1__ p.m.

W. Scott Hardy
United States District Judge

cc/ecf:  All counsel of record