**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

RIGOBERTO MAXIMO-ZAVALA,   )
            )
      Petitioner,  )
            )
   v.         )  Civil Action No. 3:26-cv-1119
            )
TODD BLANCHE, *et al.*,    )
            )
      Respondents. )

## MEMORANDUM ORDER

Petitioner Maximo-Zavala filed this, his second, Petition for Writ of Habeas Corpus (Docket No. 1), arguing, *inter alia*, that he is entitled to be released or to have a second individualized bond hearing, asserting that his initial bond hearing was legally defective. Petitioner has also filed an Emergency Motion for Temporary Restraining Order (Docket No. 3), which the Court granted in part and denied in part. (Docket No. 5).  In that Order, and in a separately issued Case Management Order (Docket NO. 6), the Court directed Respondents to confirm where Petitioner was detained on June 13, 2026 (*i.e.*, the date the Petition was filed), and where Petitioner is detained currently, so this Court may discern whether this Petition is appropriately before it. *See* 28 U.S.C. § 2241.  (*Id.*).

On June 17, 2026, Respondents filed a Preliminary Response to the Petition (Docket No. 9) informing the Court that Petitioner was "booked into Florence Staging Facility in Arizona" on June 12, 2026, and on June 14, 2026, he was "booked out of Florence Staging Facility and into Florence Service Processing Canter in Arizona, where he is currently housed." (Docket No. 9, at 2).

1

"A § 2241 petition must be filed in the district where the petitioner is confined." *Jennings v. Holt*, 326 F. Appx. 628, 630 (3d Cir. 2009) (citing 28 U.S.C. § 2241(a); *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004)).  Indeed, "jurisdiction lies in one district: the district of confinement." *Rumsfeld*, 542 U.S. at 443; *see also Khalil v. President, United States of America*, 164 F. 4th 259, 268 (3d Cir. 2026) (quoting *Rumsfeld*); *Duran-De La Rosa v. Oddo*, No. 3:23-cv-01976, 2023 WL 12240910, at *1 (M.D. Pa. Dec. 1, 2023).  Similarly, proper venue for a §2241 petition lies in the district where the petitioner and his custodian are located.  *See Nasereddin v. Department of Homeland Security*, Civ. No. 07-cv-0877, 2007 WL 1276955, at *2 (ED. Pa. Apr. 27, 2027).  Accordingly, jurisdiction and venue are proper in the Western District of Pennsylvania only if Petitioner was physically present in this judicial district at the moment his Petition was filed.

Here, Petitioner was present in the District of Arizona when the instant Petition had been filed. Therefore, this Court lacks jurisdiction adjudicate it. In such circumstances, the Court may dismiss the petition or transfer it to another federal court that does have jurisdiction if it is in the interest of justice to do so. *Jerez v. Warden of Moshannon Valley Processing Ctr.*, No. 1:23-cv-00306, 2023 WL 4112151, at *2 (M.D. Pa. June 21, 2023) (citing 28 U.S.C. § 1631).  Petitioner presently remains in the District of Arizona so a court in that district would have jurisdiction over his petition and venue would be proper there as well.

Accordingly, this 18th day of June 2026, given the fact that this Court lacks jurisdiction to adjudicate the Petition presently before it, it is HEREBY ORDERED that this Court's June 15, 2026 Memorandum Order (Docket No. 5) is VACATED.  It is FURTHER ORDERED that the

Clerk of Court hereby TRANSFER the Petition to the District of Arizona forthwith.

/s/ W. Scott Hardy

W. Scott Hardy
United States District Judge

cc/ecf:  All counsel of record